**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reynaldo Vasquez Rivera, | No. CV-14-02302-TUC-BGM |
| Petitioner, | **ORDER** |
| v. | |
| Louis Winn, Warden, | |
| Respondent. | |

Currently pending before the Court is Petitioner Reynaldo Vasquez Rivera's *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). Respondent has filed a Return and Answer ("Answer") (Doc. 13). Petitioner did not file a Reply. The Petition is ripe for adjudication.

As an initial matter, Petitioner named Louis Winn, Warden of the United States Penitentiary–Tucson ("USP–Tucson") as the Respondent. *See* Petition (Doc. 1). The Court takes judicial notice, however, that Louis Winn is no longer warden of USP–Tucson. As such, the Court will substitute the new Warden of USP–Tucson, J. T. Shartle, as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

. . .

. . .

# I. FACTUAL AND PROCEDURAL BACKGROUND

At the time Petitioner filed his Petition (Doc. 1), Petitioner was an inmate incarcerated at USP Tucson in Tucson, Arizona. *See* Petition (Doc. 1). Petitioner was released from custody on September 6, 2016. *See* Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last visited July 27, 2017).

On March 19, 2014 at approximately 10:20 a.m., Special Investigative Support Technician ("SIS Technician") Madrid conducted a pat search on inmate Reynaldo Vazquez-Rivera. Response (Doc. 13), Talplacido Decl. (Exh. "A"), Incident Report No. 2561169 (Rewrite) (Attach. "5") at 8 & Discipline Hearing Report (Attach. "5") at 2. SIS Technician Madrid "found what appeared to be a cell phone charger." Response (Doc. 13), Exh. "A", Attach. "5" at 2 & 8. Petitioner stated that it was to charge his MP3 player; however, SIS Technician Madrid demonstrated that the charger did not fit the MP3 player port. Response (Doc. 13), Exh. "A", Attach. "5" at 2 & 8. Subsequently, SIS Technician Madrid and SIS Technician A. Cristinzio conducted a cell search in F-2 cell 110. Response (Doc. 13), Exh. "A", Memo. to Operations Lieut. 3/19/2014 (Attach. "5") at 13. During this search, "one black Alcatel cell phone was found in a box of Tide laundry soap, within the common area of the cell." *Id.*, Exh. "A", Attach. "5" at 13. SIS Technician A. Cristinzio notified the Operations Lieutenant, "and the cell phone was placed in the SIS evidence safe." *Id.*, Exh. "A", Attach. "5" at 13. SIS Technician D. Madrid charged Petitioner with the prohibited act of Possession of a Hazardous Tool in violation of Code 108. *Id.*, Exh. "A", Attach. "5" at 8. Later the same day, Lieutenant M. Castro delivered the incident report to Petitioner. *Id.*; *see also* Petition (Doc. 1) at 13.

Lieutenant Castro also investigated the incident and advised Petitioner of his rights. Response (Doc. 13), Exh. "A", Attach. "5" at 1, 9. During Lieutenant Castro's investigation, petitioner stated, "The phone and charger was mine. My celly knew nothing about." *Id*. Exh. "A", Attach. "5" at 9. Petitioner did not request a staff representative. *Id*. Lieutenant Castro forwarded the Incident Report to the Unit Discipline Committee ("UDC") for further disposition. *Id*.

On March 25, 2014, the UDC conducted its hearing. Response (Doc. 13), Talplacido Decl. (Exh. "A"), Incident Report No. 2561169 (Rewrite) (Attach. "5") at 8. Petitioner stated "I take full responsibility. My cellmate didn't know anything." *Id*. Based on the severity of the alleged misconduct, the UDC referred the matter to the Discipline Hearing Officer ("DHO") for final disposition, and if Petitioner was found guilty, recommended "any available sanctions that will deter future behavior." *Id*. Also on March 25, 2014, Petitioner was provided with a Notice of Discipline Hearing Before the DHO and his rights at that hearing. Response (Doc. 13), Exh. "A," Attach. "5" at 4–5. Petitioner indicated that he did not wish to have a staff representative at his DH oh hearing. *Id*., Exh. "A," Attach. "5" at 5.

On July 22, 2014, petitioner had a DHO hearing before DHO T. Phillips. *See* Response (Doc. 13), Exh. "A," Discipline Hearing Report (Attach. "5") at 1–3. DHO Phillips considered the evidence photographs; chain of custody log; staff memorandum; and Petitioner's admissions to the investigating Lieutenant, the UDC, and the DHO. *Id*., Exh. "A," Attach. "5" at 1–2. Accordingly, DHO Phillips determined, "[b]ased on the admission and weight of the evidence," that petitioner "committed the prohibited act(s) of

Possession, manufacture, introduction, or loss of a hazardous tool, Code(s) 108." *Id.*, Exh. "A," Attach. "5" at 2. DHO Phillips imposed sanctions totaling thirty (30) days Disciplinary Segregation, forty-one (41) days Disallowance of Good Conduct Time, one year lost phone privileges, one year lost commissary, and one year lost visitation. *Id.*, Exh. "A," Attach. "5" at 3. On August 4, 2014, DHO Phillips signed the DHO report and it was delivered to Petitioner on the same date. *Id.*

On September 9, 2014 Petitioner filed his Regional Administrative Remedy Appeal regarding Disciplinary Case No. 2561169. Response (Doc. 13), Exh. "A," Regional Administrative Remedy Appeal (Attach. "6") at 7. The Regional Director denied this appeal. *Id.*, Exh. "A," Attach. "6" at 5. Petitioner did not appeal to the General Counsel's Office.[1] *See id.*, Exh. "A," Attach. "6."

On August 26, 2014, Petitioner filed his Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1). Petitioner asserts that the incident report in this matter was "inappropriately re-written in violation of the [C]ode of [F]ederal [R]egulation." Petition (Doc. 1) at 4. Petitioner further asserts that this "violation denied the Petitioner and the right to receive notice of the charges within 24 hours of that incident as required by *Wolff*." *Id.* Petitioner also alleges that "[t]he warden has violated the law of settled expectation by refusing to release the petitioner from the prison [ ] and the continued detention in the S[pecial] H[ousing] U[nit] constitute illegal detention." *Id.* at 5. Petitioner seeks reversal of the disciplinary

---

[1] Petitioner indicates that he notified the central office director that he wished to appeal his disciplinary case; however, there is no evidence, beyond the bare assertion, of any such appeal in the record.

conviction, a return of forty-one (41) days good time, and immediate release from the Special Housing Unit. *Id*.

## II. ANALYSIS

### A. *Jurisdiction—In General*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, before proceeding to any other issue a court must establish whether a habeas petition is filed pursuant to § 2241 or § 2255 to determine whether jurisdiction is proper. *Id.* at 865.

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence; rather he seeks relief with respect to disciplinary proceedings while incarcerated at a federal facility. As such, Petitioner is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (Section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc),

("[c]hallenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus[.]" (quoting *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004)); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (a prisoner's challenge to the "manner in which his sentence was executed . . . [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); *Weinstein v. U.S. Parole Comm'n*, 902 F.2d 1451, 1452 (9th Cir. 1990) ("The district court had jurisdiction pursuant to 28 U.S.C. § 2241 to review a claim by a federal prisoner challenging a decision of the United States Parole Commission"). Such a challenge must be brought pursuant to § 2241 in the custodial court.

### B. Mootness

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed. 947 (1968). Further, the judicial power of this and all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *see also, Flast v. Cohen*, 392 U.S. 83, 94–95, 88 S.Ct. 1942, 1949–50, 20 L.Ed.2d 947 (1968). "In general a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 1208, 63 L.Ed.2d 479 (1980)). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some

'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (citations omitted). The effect that this sentence may have on future sentences is not a sufficient injury for standing. *Lane v. Williams*, 455 U.S. 624, 633 n.13, 102 S. Ct. 1322, 1328 n.13, 71 L.Ed.2d 508 (1982) ("parole violations that remain a part of respondents' records cannot affect a subsequent parole determination unless respondents again violate state law, are returned to prison, and become eligible for parole. Respondents themselves are able – and indeed required by law – to prevent such a possibility from occurring."); *see also United States v. Palomba*, 182 F.3d 1121, 182 F.3d 1121, 1123 (9th Cir. 1999).

"[T]he function of the writ [of habeas corpus] is to secure immediate release from illegal physical custody." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991) (citations omitted). "The Supreme Court has held that 'under the writ of *habeas corpus* we cannot do anything else than discharge the prisoner from the wrongful confinement.'" *Id.* (quoting *Ex parte Medley*, 134 U.S. 160, 173, 10 S.Ct. 384, 388, 33 L.Ed. 835 (1890)) (emphasis in original). Where a habeas petitioner is not challenging the validity of his underlying conviction, but rather the location or condition of his confinement, release from custody moots the habeas petition. *Munoz v. Rowland*, 104 F.3d 1096 (9th Cir. 1997) (finding § 2241 petition challenging conditions of confinement moot because petitioner had been paroled, thus, relief sought was unavailable); *Pecrin-Peron* (dismissing § 2241 petition because petitioner had been granted immigration parole and released from custody).

Here, Petitioner was released from federal custody on September 6, 2016. *See*

Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last visited July 27, 2017). In his habeas petition, Petitioner sought the return of good conduct time and reversal of his disciplinary conviction. In light of Petitioner's release, this Court cannot provide him with the relief sought. Moreover, there is no expectation that Petitioner will again be subjected to this same set of circumstances, and as such, "[t]his is not a situation 'capable of repetition, yet evading review" to which the doctrine of mootness may not apply." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988) (quoting *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987)). Accordingly, Petitioner's claims are moot, and his petition should be dismissed. *Munoz*, 104 F.3d at 1098.

Based on the foregoing, the Court finds that Petitioner's Petition (Doc. 1) is now moot and should be dismissed.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

### III.   CONCLUSION

Based on the foregoing, the Court finds that Petitioner's Petition (Doc. 1) is now moot and should be dismissed.  Accordingly, IT IS HEREBY ORDERED that:

(1)   J. T. Shartle, Warden, is SUBSTITUTED as Respondent for Louis Winn pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure; and

(2)   Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) is DISMISSED.

Dated this 7th day of August, 2017.

Honorable Bruce G. Macdonald
United States Magistrate Judge